IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

KONINKLIJKE PHILIPS N.V. and
U.S. PHILIPS CORPORATION

                    Plaintiffs,

          v.

NINTENDO CO., LTD. and
NINTENDO OF AMERICA INC.

                    Defendants.

C.A. No.

**JURY TRIAL DEMANDED**

## COMPLAINT FOR PATENT INFRINGEMENT

Koninklijke Philips N.V. and U.S. Philips Corporation, by way of its Complaint for

Patent Infringement ("Complaint") against Defendants Nintendo Co. Ltd. and Nintendo of

America, allege as follows:

### Nature of the Action

1.      This is a civil action for infringement of a patent arising under the laws of the

United States relating to patents, including 35 U.S.C. § 281.

### Subject Matter Jurisdiction

2.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C.

§§ 1331 and 1338(a) because this civil action arises under the laws of the United States and

because this civil action arises under an Act of Congress relating to patents.

### The Parties

3.      Plaintiff Koninklijke Philips N.V. is a corporation organized under the laws of the

Netherlands, with a place of business in Amsterdam, the Netherlands.  Plaintiff U.S. Philips

Corporation is a corporation organized under the laws of Delaware with its principal place of

business at 3000 Minuteman Road, M/S 109, Andover, MA 01810.  Plaintiffs Koninklijke

Philips N.V. and U.S. Philips Corporation are collectively referred to in this Complaint as

"Philips."

4.    Upon information and belief, Defendant Nintendo Co. Ltd.is a corporation

organized and existing under the laws of Japan, having a principal place of business at 11-1,

Kamitoba, Hokotate-cho, Minami-Ku, Kyoto, 601-8116, Japan.

5.    Upon information and belief, Defendant Nintendo of America is a corporation

organized and existing under the laws of the State of Washington with its principal place of

business at 4600 150th Avenue, Northeast, Redmond, Washington 98052.

6.    Upon information and belief, Defendant Nintendo America is a wholly-owned

subsidiary of Defendant Nintendo Japan.  Nintendo Co. Ltd. and Nintendo of America are

sometimes collectively referred to in this Complaint as "Nintendo."

**Factual Background**

7.    Philips is a world-renowned company that has expended enormous efforts in

recent decades to achieve advancements in research and development in various technological

fields.  Philips has engaged in the field of applied electronics and has conducted research in areas

relating to visual representation of spatial processes and to automatic processes.  The present

patents-in-suit stem from these fields of research and development and claims protection for an

interactive system for which a user can remotely control devices in an intuitive manner.  Such

intuitive remote control mechanisms are used in present-day home video game consoles.

**Interactive Virtual Modeling Products**

8.    Nintendo has made, used, sold, offered for sale, and imported within the United

States products with interactive virtual modeling features, including but not limited to motion-

controlled gaming consoles and motion-detecting devices.  These products are hereinafter referred to in this Complaint as "interactive virtual modeling products."

9.      Nintendo has made, used, sold, offered for sale, and imported motion-controlled gaming consoles and motion-detecting devices including the Wii console, Wii Remote Plus Controller, Wii Remote Controller, Wii Nunchuk Controller, Wii MotionPlus, Wii Balance Board, Wii U console, Wii U GamePad, and Wii Mini console.

10.     Upon information and belief, Nintendo has made, used, sold, offered for sale, and imported interactive virtual modeling hardware and software products within the United States that model a user's body in a virtual environment by animating a virtual body to follow the physical movements of the user.

11.     The interactive virtual modeling products or services of Nintendo have been made, used, sold, offered for sale, and imported within the United States without any authority or license from Philips.

**Human-Computer Interaction Systems**

12.     Nintendo has made, used, sold, offered for sale, and imported within the United States products with human-computer interaction ("HCI") features, including but not limited to HCI gaming systems and HCI pointing devices.  These products are hereinafter referred to in this Complaint as "HCI products."

13.     Nintendo has made, used, sold, offered for sale, and imported HCI gaming systems and HCI pointing devices including the Wii console, Wii U console, Wii Mini console, Wii Remote Plus Controller, and Wii Remote Controller.

14.     Upon information and belief, Nintendo has made, used, sold, offered for sale, and imported HCI hardware and software within the United States that make use of a camera, computer vision, and image processing techniques.

15.     Nintendo's HCI products or services have been made, used, sold, offered for sale, and imported within the United States without any authority or license from Philips.

**Personal Jurisdiction and Venue**

16.     Upon information and belief, Nintendo has voluntarily placed interactive virtual modeling products into the stream of United States commerce, conscious that this judicial district was the likely destination of a substantial quantity of such products or services.

17.     Upon information and belief, Nintendo has voluntarily placed HCI products into the stream of United States commerce, conscious that this judicial district was the likely destination of a substantial quantity of such products or services.

18.     Upon information and belief, a substantial part of the events giving rise to Philips' claim for patent infringement occurred in this judicial district.

19.     Upon information and belief, Nintendo maintains or has maintained continuous and systematic contacts with this judicial district.

20.     Upon information and belief, Nintendo is subject to personal jurisdiction in this district because it purposefully engaged in activities that gave rise to this claim for patent infringement and which were directed at residents of this judicial district.

21.     Upon information and belief, Nintendo is subject to personal jurisdiction in this district because it has maintained continuous and systematic contacts with this judicial district.

22.     Upon information and belief, Nintendo resides in this district for purposes of 28 U.S.C. §§ 1391(c) and 1400(b) because it is subject to personal jurisdiction in this district.

23.     Upon information and belief, venue for this civil action in this judicial district is proper under 28 U.S.C. §§ 1391.  Moreover, Nintendo of America appointed the Corporation Trust Company, located at Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801 as its registered agent in Delaware.

## Count I - Infringement of U.S. Patent No. 6,285,379

24.     Philips incorporates by reference each and every allegation set forth in this Complaint.

25.     United States Letters Patent No. 6,285,379 ("the '379 patent") issued on September 4, 2001 to Richard D. Gallery.  A copy of the '379 patent, entitled "Virtual Body Control Device" is attached hereto as Exhibit A.

26.     Philips is the owner by assignment of the '379 patent.

27.     Philips provided actual notice to Nintendo of the '379 patent no later than November 14, 2011 by way of a letter from Mr. Susumu Tsugaru to Mr. Toshiro Hibino.

28.     Nintendo has had actual knowledge of the '379 patent no later than the date that it received the November 14, 2011 letter.

29.     Nintendo has had actual knowledge of its infringement of the '379 patent no later than the date that it received the November 14, 2011 letter.

30.     Upon information and belief, Nintendo has directly infringed, induced infringement of, and contributed to infringement of one or more claims of the '379 patent, both literally and under the doctrine of equivalents, by making, using, selling, offering for sale, and importing interactive virtual modeling products within the United States.

31.    With regard to inducement of infringement, Nintendo had knowledge of its induced infringement of the '379 patent no later than when it received a notice letter dated December 16, 2011 from Mr. Susumu Tsugaru to Mr. Toshiro Hibino.

32.    The December 16, 2011 notice letter provided Nintendo with knowledge of Nintendo's and its users' infringement.  Moreover, Nintendo has with specific intent or willful blindness, actively and knowingly induced infringement of the '379 patent by providing its users and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its interactive virtual modeling products that promote and demonstrate how to use its interactive virtual modeling products in an infringing manner, and upon information and belief, those users and others have used the interactive virtual modeling products in an infringing manner.

33.    With regard to contributory infringement, Nintendo has the requisite knowledge that its interactive virtual modeling products are especially made for use in an infringement of the '379 patent.  For example, the Wii Remote Plus Controller, which is marketed and sold as a separate motion-detecting device, is made especially to be used in conjunction with Nintendo's motion-controlled gaming consoles including, for example, the Wii console, the Wii U console, and the Wii Mini console.  Nintendo's interactive virtual modeling products, including its motion-detecting devices, have no substantial noninfringing use because they are manufactured for use only in Nintendo's motion-controlled gaming consoles and such use is infringing.

34.    Upon information and belief, the infringing interactive virtual modeling products of Nintendo include but are not limited to motion-controlled gaming consoles and motion-detecting devices such as the Wii video gaming systems and related software and accessories including, for example, the Wii console, Wii Remote Plus Controller, Wii Remote Controller,

Wii Nunchuk Controller, Wii MotionPlus, Wii Balance Board, Wii U console, Wii U GamePad, and Wii Mini.

35.     Upon information and belief, the infringement by Nintendo has been deliberate and willful.

## Count II - Infringement of U.S. Patent No. 8,537,231

36.     Philips incorporates by reference each and every allegation set forth in this Complaint.

37.     United States Letters Patent No. 8,537,231 ("the '231 patent") issued on September 17, 2013 to Gerhardus Engbertus Mekenkamp and Tim Dekker.  A copy of the '231 patent, entitled "User Interface System Based on Pointing Device" is attached hereto as Exhibit B.

38.     Koninklijke Philips N.V. is the owner by assignment of the '231 patent.

39.     Philips provided actual notice of the '231 patent to Nintendo no later than the filing date of this Complaint.

40.     Nintendo has had actual knowledge of the '231 patent no later than the filing date of this Complaint.

41.     Nintendo has had actual knowledge of its infringement of the '231 patent no later than the filing date of this Complaint.

42.     Upon information and belief, Nintendo has directly infringed, induced infringement of, and contributed to infringement of one or more claims of the '231 patent, both literally and under the doctrine of equivalents, by making, using, selling, offering for sale, and importing HCI products within the United States.

43.     With regard to inducement of infringement, Nintendo had knowledge of inducing its users and others to infringe the '231 patent no later than the filing date of this Complaint.

44.     Nintendo has with specific intent or willful blindness, actively and knowingly induced infringement of the '231 patent by providing its users and others with detailed explanations, instructions, information, and support services related to arrangements, applications, and uses of its HCI products that promote and demonstrate how to use its HCI products in an infringing manner, and upon information and belief, those users and others have used the HCI products in an infringing manner.

45.     With regard to contributory infringement, Nintendo has the requisite knowledge that its HCI products are especially made for use in an infringement of the '231 patent.  For example, the Wii Remote Plus Controller, which is marketed and sold as a separate HCI pointing device, is made especially to be used in conjunction with Nintendo's HCI gaming systems including, for example, the Wii console, the Wii U console, and the Wii Mini console. Nintendo's HCI products, including its HCI pointing devices, have no substantial noninfringing use because they are manufactured for use only in Nintendo's HCI gaming systems and such use is infringing.

46.     Upon information and belief, the infringing HCI products of Nintendo include but are not limited to HCI gaming systems and HCI pointing devices such as the Wii video gaming systems and related software and accessories including, for example, the Wii console, Wii Remote Plus Controller, Wii Remote Controller, Wii U console, Wii U GamePad, and Wii Mini.

47.     Upon information and belief, the infringement by Nintendo has been deliberate and willful.

## Prayer for Relief

**WHEREFORE,** Philips respectfully requests that judgment be entered:

A.      declaring that the Defendants have infringed the '379 and '231 patents;

B.      declaring that the Defendants' infringement of the '379 and '231 patents has been deliberate and willful;

C.      compensating Philips for all damages caused by the Defendants' infringement of the '379 and '231 patents;

D.      enhancing Philips's damages up to three times their amount pursuant to 35 U.S.C. § 284;

E.      preliminarily and permanently enjoining the Defendants, their officers, agents, servants, employees, and attorneys, and those persons in active concert or participation with them, from making, using, selling, offering for sale, and importing within the United States interactive virtual modeling products and HCI products;

F.      granting Philips pre- and post-judgment interest on its damages, together with all costs and expenses;

G.      granting Philips its reasonable attorney fees pursuant to 35 U.S.C. § 285; and

H.      awarding such other relief as this Court may deem just and proper.

## Demand for Jury Trial

Plaintiff respectfully requests a trial by jury on all claims so triable.

ASHBY & GEDDES

*/s/ Tiffany Geyer Lydon*

_____
Steven J. Balick (#2114)
Tiffany Geyer Lydon (#3950)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
(302) 654-1888
sbalick@ashby-geddes.com
tlydon@ashby-geddes.com
amayo@ashby-geddes.com

*Attorneys for Plaintiffs*

*Of Counsel:*

Frank A. DeCosta, III
Christopher T. Blackford
Aliza A. George
FINNEGAN, HENDERSON, FARABOW,
    GARRETT & DUNNER, L.L.P.
901 New York Avenue, N.W.
Washington, D.C.  20001
(202) 408-4000

Dated:  May 14, 2014